UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEL I., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5555-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her mental conditions, her subjective allegations, and a statement written by her husband. (Dkt. # 14 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1969; has a college degree; and has worked as a call center representative, child minder at a gym, printer, and secretary. AR at 394. Plaintiff was last gainfully employed in May 31, 2011. *Id.* at 393.

ORDER - 1

In October 2015, Plaintiff applied for benefits, alleging disability since February 1, 2012. AR at 377-78, 393. Plaintiff's application was denied, and Plaintiff requested a hearing. *Id.* at 315-21. After the ALJ conducted a hearing in January 2019 (*id.* at 255-305), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-23.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity between her alleged onset date and March 31, 2016, the date last insured ("DLI").

Step two: Plaintiff has the following severe impairments: fibromyalgia and obesity.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform medium work.

Step four: Plaintiff can perform past relevant work and is therefore not disabled.

AR at 15-23.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Erred in Evaluating Plaintiff's Mental Conditions

At step two, the ALJ noted that Plaintiff was diagnosed with depression during the adjudicated period, but the ALJ found this condition to be not severe because it was stable and well-controlled during the adjudicated period. AR at 18. The ALJ also acknowledged that Plaintiff was diagnosed with post-traumatic stress disorder, but found that because this condition was not diagnosed until after the DLI, it was "not an issue" during the adjudicated period. *Id*.

Plaintiff raises several challenges to the ALJ's findings regarding her mental impairments and limitations. First, Plaintiff argues that the ALJ erred in finding her mental impairments to be not severe during the adjudicated period because the ALJ failed to explicitly discuss evidence post-dating the DLI by a few weeks, showing that Plaintiff was involuntarily hospitalized for a number of days due to her statements to a physician describing an intent to commit suicide, coupled with evidence of her self-harm via cutting. (Dkt. # 14 at 7-8.) According to Plaintiff, this

ORDER - 3

evidence undermines the ALJ's finding that she had no mental limitations during the adjudicated period in light of the close proximity between the psychiatric hospitalization and the expiration of her insured status. Plaintiff also argues that the ALJ erred in failing to explicitly weigh her doctor's opinion rendered at the time of her involuntary hospitalization.

Indeed, the ALJ's step-two discussion focuses exclusively on the pre-DLI evidence, without explaining why the post-DLI evidence bears no connection to the adjudicated period despite the close proximity of some of the evidence, and this narrow discussion indicates that the ALJ's step-two finding and RFC assessment are not based on a consideration of the entire record. *See, e.g.*, *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (holding that medical opinions that post-date the DLI may nonetheless be relevant to determining whether a claimant was disabled before the DLI, and cannot be disregarded solely because they post-date the DLI); *Koller v. Colvin*, 2014 WL 868830, at *4 (W.D. Wash. Mar. 5, 2014) ("Because the ALJ's decision suggests that he did not consider the entire record, but looked only to whether mental-health diagnoses existed in the pre-DLI evidence, the ALJ erred and must reconsider his findings regarding plaintiff's mental impairments in light of the entire medical record on remand."). Although the Court could supply many reasons why the post-DLI evidence may not bear on Plaintiff's functioning during the adjudicated period, the ALJ should make those findings in the first instance. On remand, the ALJ should reconsider the post-DLI evidence to specifically address why it does or does not bear on Plaintiff's functioning during the adjudicated period, and, if necessary, further develop the record on this issue.

B.    The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ discounted Plaintiff's allegations because (1) the objective medical record contained many normal findings that undermine Plaintiff's allegations of disabling physical

limitations, and (2) Plaintiff sought only minimal treatment for her conditions during the adjudicated period. AR at 20-21. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ erred in relying on the objective evidence in discounting her allegations because such reasoning is not sufficient and particularly problematic in this case because fibromyalgia is characterized by its *lack* of objective signs. (Dkt. # 14 at 14.) But the ALJ included fibromyalgia as a severe impairment at step two despite the lack of objective signs, and went on to properly contrasted Plaintiff's allegations of functional limitations with the evidence that Plaintiff was not functionally limited. AR at 20-21. Even if, as Plaintiff contends (dkt. # 14 at 17), the record shows that her fibromyalgia caused widespread, persistent pain, she has not pointed to evidence undermining the ALJ's conclusion that her pain did not cause disabling functional limitations.

Furthermore, the ALJ also noted that Plaintiff received minimal treatment for fibromyalgia during the adjudicated period. AR at 20-21. This is another valid reason to discount Plaintiff's allegations that her fibromyalgia caused disabling symptoms. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

Because the ALJ provided legally sufficient reasons to discount Plaintiff's allegations of disabling physical limitations, this portion of the ALJ's decision is affirmed.

### C. The ALJ Did Not Err in Discounting a Lay Statement

Plaintiff's husband completed a third-party function report describing her physical

symptoms and limitations. AR at 412-19. The ALJ summarized the report, but explained that he discounted it as inconsistent with a consultative examiner's opinion, given the examiner's training and expertise. *Id*. at 22.

An ALJ may discount a lay witness statement for germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Plaintiff argues that the ALJ's reasoning was insufficient because the regulations require the ALJ to apply the criteria listed in 20 C.F.R. § 404.1527(c)(1)-(6). (Dkt. # 14 at 4-5.) The ALJ's finding is, however, consistent with that regulation because the ALJ addressed the consultative examiner's contrary opinion after an opportunity to observe and test Plaintiff's functioning, as well as the consultative examiner's familiarity with the disability program requirements. *See* 20 C.F.R. § 404.1527(c)(3), (5) & (6). The ALJ's finding that Plaintiff's husband's statement is inconsistent with medical evidence is supported by substantial evidence and constitutes a germane reason to discount the lay statement. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). Accordingly, the ALJ's assessment of Plaintiff's husband's statement is affirmed.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the post-DLI evidence to specifically address why it does or does not bear on Plaintiff's functioning during the adjudicated period.

Dated this 30th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge